UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEITH L.,

                            Plaintiff,

v.                                                         1:20-CV-1283 (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>ANTHONY ROONEY, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANDREEA LECHLEITNER, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

A.  **Factual Background**

Plaintiff was born in 1956.  (T. 76.)  He completed high school.  (T. 192.)  Generally, Plaintiff's alleged disability consists of a back injury.  (T. 191.)  His amended disability onset date is April 15, 2016.  (T. 37.)  His date last insured is December 31, 2021.  (T. 17.)  His past relevant work consists of billing's collections representative and bakery worker conveyor line.  (T. 22, 192.)

B.  **Procedural History**

On October 10, 2016, Plaintiff applied for Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 76.)  Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On December 20, 2018, Plaintiff appeared before the ALJ, Melissa Lin Jones.  (T. 28-75.)  On January 7, 2019, ALJ Jones issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 7-11.)  On July 30, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

C.  **The ALJ's Decision**

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 17-23.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2021 and Plaintiff had not engaged in substantial gainful activity since April 15, 2016.  (T. 17.)  Second, the ALJ found Plaintiff had the severe impairments of: degenerative disc disease of the cervical, lumbar, and thoracic spine and hip impairments.  (T. 18.)  Third, the ALJ found Plaintiff did not have an

impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except Plaintiff:

> can only occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds.  He can occasionally twist at the waist, kneel, and crouch.  [Plaintiff] cannot work at unprotected heights, around heavy moving mechanical parts, or around sharp objects.

(*Id*.)[1]  Fifth, the ALJ determined Plaintiff capable of performing past relevant work as a billing's collections representative and bakery worker conveyor line.  (T. 22.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ erred in relying on the "stale" opinion of consultative examiner, Nikita Dave, M.D.  (Dkt. No. 15 at 9-13.)  Second, and lastly, Plaintiff argues even if Dr. Dave's opinion was not impermissibly stale, the ALJ failed to properly incorporate the sitting, standing, and walking limitations found by the doctor.  (*Id*. at 13-18.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 18.)

### B.     Defendant's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

3

In response, Defendant makes one argument. Defendant argues the ALJ's RFC finding is supported by substantial evidence. (Dkt. No. 16 at 6-16.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

5

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)[2]. The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

First, Plaintiff argues Dr. Dave's opinion was impermissibly stale because it was provided two years prior to Plaintiff's hearing. (Dkt. No. 15 at 9.) In November 2016, Dr. Dave examined Plaintiff and provided a medical source statement. (T. 293-297.) Dr. Dave opined Plaintiff had "mild to moderate limitations for prolonged sitting, standing, walking, lifting, carrying, pushing, pulling, repetitive bending and twisting through the lumbar spine, kneeling, crouching, and climbing." (T. 296.) Dr. Dave further opined Plaintiff should "avoid ladders, heights, sharp equipment, and machinery." (*Id*.)

To be sure, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding."

---

[2]  Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

*Camille v. Colvin*, 104 F.Supp.3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016). Further, a medical opinion may be stale if it does not account for a plaintiff's deteriorating condition. *See Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017). "However, a medical opinion is not necessarily stale simply based on its age." *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018). Because a medical opinion is not stale based solely on its age, Plaintiff's argument that Dr. Dave's opinion was impermissibly stale based solely on to timing, fails. (Dkt. No. 15 at 9.)

Plaintiff further appears to argue evidence in the record contradicted Dr. Dave's assessment. (Dkt. No. 15 at 11-12.) Plaintiff cites evidence from Frederick McAdam, M.D. and physical therapy which he contends conflicts with Dr. Dave's findings. (*Id.*) To be sure, remand may be warranted where more recent evidence in the record "directly contradict[s] the older reports of [plaintiff's] functioning on which the ALJ relied" and the ALJ failed to analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642 (2d Cir. 2020). However, Plaintiff's argument fails.

On September 11, 2017, Dr. McAdam noted Plaintiff had reduced range of motion of the lumbar spine, 4/5 motor strength in the right foot great toe extensor, but normal gait, reflexes, sensation, and coordination. (T. 365.)[3] At a therapy evaluation in January 2018, Plaintiff was observed to have reduced range of motion in his lumbar spine and positive straight leg raises. (T. 324-26.) He had improved strength on February 2, 2018 and ceased physical therapy. (T. 327-328.)

---

[3] Of note, Dr. McAdam's examination was performed two months after Dr. Dave performed her examination and approximately 18 months prior to Plaintiff's hearing.

7

Although the record contains positive findings on examinations, these reports do not "directly contradict" Dr. Dave's report or findings. The ALJ discussed the objective medical evidence in the record, including the evidence cited by Plaintiff, and concluded it was consistent with a reduced range of light work. (T. 21); *see Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("we defer to the Commissioner's resolution of conflicting evidence").

Plaintiff also argues the ALJ also erred in relying on Dr. Dave's opinion because the doctor did not review medical imaging. (Dkt. No. 15 at 9, 12-13.) Plaintiff's argument fails. A consultative examiner is not required to obtain or review laboratory reports or treatment records. *Wright v. Berryhill*, 687 F. App'x 45, 48 (2d Cir. 2017) ("the facts that Dr. Wassef's specialty is pediatrics and that his review did not include the Plaintiff's MRI results do not preclude the ALJ from assigning Dr. Wassef's opinion significant weight"); *see Amos v. Comm'r of Soc. Sec.*, No. 1:18-CV-1367, 2020 WL 1493888, at *4 (W.D.N.Y. Mar. 27, 2020) (ALJ did not err in affording weight to consultative examiner who did not review objective imaging); *see Giovino v. Comm'r of Soc. Sec.*, No. 19-CV-122, 2020 WL 1909982, at *3 (W.D.N.Y. Apr. 20, 2020) (same); *see Genito v. Comm'r of Soc. Sec.,* No. 7:16-CV-0143, 2017 WL 1318002, at *9 (N.D.N.Y. Apr. 7, 2017) ("there is no legal requirement that opinion sources must have access to a full and complete record in order for their opinions to be sufficient to constitute substantial evidence"); *see* 20 C.F.R. § 404.1519n(c)(1)-(7) (elements of a complete consultative examination). Therefore, Dr. Dave's opinion was not deficient merely because she did not review imaging.

Second, Plaintiff argues "even if the ALJ was justified in granting the consultative examiner great weight, she erred by failing to account for limitations which Dr. Dave had found with sitting and standing; and for failing to articulate a reason why these limitations were not to be included in the ultimate RFC determination." (Dkt. No. 15 at 13.) Contrary to Plaintiff's assertion, Dr. Dave's limitations were considered, and ultimately consistent with, the ALJ's RFC determination for light work.

The Second Circuit, as well as its district courts, have found that up-to-moderate restrictions are consistent with an ability to do light work. *See White v. Berryhill*, 753 F. App'x 80 (2d Cir. 2019) (finding that consultative examiner's assessment of moderate limitations supported a modified light RFC); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (rejecting plaintiff's argument that the consultative examiner's opinion was "incomplete and vague" and affirming RFC for light work with occasional climbing balancing, stooping, kneeling, crouching, and crawling, where the consultative examiner opined that plaintiff had a "mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting."); *see John H. v. Comm'r of Soc. Sec.,* No. 1:20-CV-921, 2021 WL 2355107, at *6 (W.D.N.Y. June 9, 2021) (collecting cases); *see Randy L.B. v. Comm'r of Soc. Sec.*, 18-CV-0358, 2019 WL 2210596, at *7 (N.D.N.Y. May 22, 2019) (explaining that "there is voluminous legal authority...that supports the ALJ's finding of light work based in part on the mild to moderate limitations opined by [consultative examiner] Dr. Jenouri"); *see April B. v. Saul*, 18-CV-0682, 2019 WL 4736243, at *5 (N.D.N.Y. Sept. 27, 2019) ("Indeed, moderate limitations in standing and walking [and lifting] are

consistent with light work."). Therefore, the ALJ reasonably determined that the evidence in the record, including Dr. Dave's opinin, supported an RFC for light work.

The burden is with Plaintiff to show that he lacks the functional capacity to perform his past relevant work. *See Petrie v. Astrue,* 412 F. App'x. 401, 404 (2d Cir. 2011). Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence). As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). Overall, Dr. Dave's opinion was not impermissibly stale, did not conflict with other evidence in the record, and supported the ALJ's ultimate RFC determination for a reduced range of light work.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 6, 2021

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge